THOMAS M. JAMES V. SAMUEL H. HAYNES.

No. 15,833.   (100 Pac. 622.)

SYLLABUS BY THE COURT.

OFFICE AND OFFICERS—*Veterans' Preference Law—Appointment Validated by a Curative Act.*   An appointment to the office of county assessor under the provisions of section 18 of chapter 408 of the Laws of 1907, made by a board of county commissioners in January, 1908, in violation of the provisions of the "old soldiers' preference law," is rendered valid by the curative provisions of chapter 76 of the Laws of 1908, concerning assessment and taxation.

Original proceeding in *quo warranto.*   Opinion filed March 6, 1909.   Judgment for defendant.

*Joseph G. Waters, John C. Waters, Thomas F. Doran,* and *Patrick H. Coney,* for plaintiff.

*Ed D. McKeever,* and *J. J. Schenck,* for defendant.

The opinion of the court was delivered by

PORTER, J.: Thomas M. James, who is an honorably discharged soldier of the rebellion, was an applicant for the office of county assessor of Shawnee county.   His application was filed with the board of county commissioners September 24, 1907, and complied in all respects with the provisions of the "old soldiers' preference law."   (Gen. Stat. 1901, § 6509.)   The only other applicant was the defendant, Samuel H. Haynes, who had never been a soldier or sailor in the army or navy of the United States.   At its January, 1908, meeting the board, without making any investigation or finding respecting the qualifications or competency of the plaintiff to hold the office and perform its duties, appointed the defendant, who thereupon qualified and entered upon the duties of the office.   This action was brought for the purpose of ousting the defendant from the office and requiring the board to appoint the plaintiff.   The cause comes before us upon a demurrer to the petition.

The legislature of 1907, by the act which created the tax commission and revised the laws relating to the assessment and taxation of property, provided that the board of county commissioners of each county, at the regular meeting in January, 1908, should appoint a competent person as county assessor, to hold his office until the second Monday in January, 1910, and until his successor should be elected and qualified. (Laws 1907, ch. 408, § 18.) At the special session of 1908 an amendatory act was passed (Laws 1908, ch. 76), which contained a provision by which all appointments made under the act of 1907 were confirmed and made valid. The curative part of the act is found in section 1, and reads:

"In cities of the first class and cities of the second class the county assessor shall, by and with the consent of the mayor and city council of such cities, appoint such number of deputy assessors as are necessary to assess such city, subject to the terms of this section; provided, that all things done and appointments made under the provisions of sections 18 and 19 of chapter 408 of Session Laws of 1907 are hereby confirmed and made valid."

This act took effect February 13, 1908. At the time it was passed the county commissioners of the various counties had already appointed the assessors under the provisions of the act of 1907 and the work of preparing for the assessment under the new law had commenced. It was well known that in several counties the validity of some of the proceedings had been questioned and objections raised to some of the appointments made; and, in order that all such questions might be set at rest, and to remove every obstacle that might interfere with the successful operation of the tax law, the legislature provided that all things done and appointments made under the provisions of sections 18 and 19 should be confirmed and made valid. The power of the legislature to pass a curative statute giving validity to appointments made in violation of the provisions of the

39—79 KAN.

"old soldiers' preference law" depends upon its power in the first instance to do away with the requirement.

"The rule in regard to curative statutes is that if the thing omitted or failed to be done, and which constitutes the defect sought to be removed or made harmless, is something which the legislature might have dispensed with by a previous statute, it may do so by a subsequent one." (2 Lewis's Suther. Stat. Const., 2d ed., § 675.)

It can not be doubted that the legislature might have provided in the act of 1908 that the provisions of the "old soldiers' preference law" should not apply to appointments made under that act. It is within the power of the legislature at any time to repeal the provisions of the law giving a preference to old soldiers in the appointments to office, or to create a new office and in express terms declare that the provisions of the law giving preference to old soldiers shall not apply to that particular office.

It is our opinion that by the act of 1908 the appointment of the defendant to the office was made valid in all respects, and the demurrer to the petition is sustained.